### SELEY v. SLOSSEN.

The statute no bar to an action of *indebitatus assumpsit* against an officer, for money which he has received upon an execution.

ERROR to reverse a judgment of the County Court in an action brought by the plaintiff against the defendant, for money had and received, etc. Plea in bar, admitting that the defendant was constable, that he had an execution of the plaintiffs to collect, that he received the money upon it in A. D. 1773, and indorsed it on said execution — and that by the Statute of Limitation in such case provided no action or suit could be brought or maintained but within two years after the right of action accrued. Demurrer to the plea. Judgment of the County Court, that the plea is sufficient.

General error assigned; and judgment — That there is manifest error.

By the COURT. The statute does not extend to an action for money had and received by an officer — but to actions founded upon a supposed tort, as a mis, mal or nonfeasance.

### BROOKS v. THOMPSON.

A debtor's money may be taken by execution.

UPON a writ of error — it was determined that money of the debtor's may be levied upon and taken by an officer to satisfy an execution.